## Frank S. Weigley v. Cornelia W. J. Gray.

1. Estoppel — *By Methods of Bookkeeping.*— Where a married woman furnishes her husband, a partner in a firm of attorneys. with money, plainly shown to be her own, for the purpose of buying stock, she should not be defeated in a suit for its recovery because his firm, for mere bookkeeping purposes, entered it and its paid dividends on its books of account, she having no notice or knowledge of how, if at all, they kept their accounts.

Assumpsit, for money lent and advanced. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 23, 1900.

J. B. Mann, attorney for appellant.

E. M. Ashcraft, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the court.

The appellee sued appellant to recover $1,160, with interest, and recovered.

The evidence tended to show and, we think, with considerable preponderance, that appellee furnished to the law firm of Weigley, Bulkley & Gray $8,000, with which to purchase for her some stock in a corporation which they had attended to the organization of. One hundred and sixty shares were bought with the money, and other shares were at the same time purchased by the firm with its own means. The purchase was managed by appellant, and all the stock was taken in the name of said firm or in appellant's individual name. Instead of any of the certificates being properly delivered to appellee, they were kept by the firm under the head of "stock investment account," and it would seem they, or some of them, were used by appellant for security purposes in his private business, as occasion might require.

During the time they were so held, dividends to the

amount of $3,277 on all the stock so purchased were earned and paid, of which amount $1,160 were applicable to the 160 shares bought with appellee's money.

After carrying the stock in this way for about four years the firm of Weigley, Bulkley & Gray was about to be dissolved, and appellant was called upon to deliver to appellee the 160 shares of stock, and the proportionate part of the dividends above mentioned, as applicable thereto. Appellant then gave over the 160 shares of stock, and made some agreement about the dividends that had been paid thereon. There was evidence that tended to show he agreed to pay appellee the $1,160.

The verdict of the jury has settled all contention to the contrary of such an agreement, and we need not particularly dwell upon the facts which appellant argues show that the promise was not to appellee. There was clearly enough evidence to sustain the verdict, and it should not be disturbed, unless for some error of law.

The first error of law complained of by appellant is that three instructions offered by him should not have been refused. We do not think it is necessary to reproduce those instructions. They were each properly refused because of having no evidence to sustain the theories upon which they were drawn. The testimony of appellant upon which the third instruction was based was not, with reference to the shares of stock, that he would repay the money the stock had cost, but that he would return the stock, as he subsequently did. The two remaining refused instructions seek to invoke an estoppel against appellee, because in effect of the methods of bookkeeping employed by the firm of Weigley, Bulkley & Gray, with which she is not shown to have any knowledge or notice. The circumstance that appellee furnished her husband, the partner Gray, with $8,000, plainly shown to be her own, for the purpose of buying the stock for herself and its use for that purpose, should not defeat her recovery because his firm, for mere bookkeeping purposes, entered it and its paid dividends on its books of account—she having no notice or knowledge of how, if at all, they kept their accounts.

Certain instructions given in behalf of the appellee are likewise objected to as assuming facts that were controverted, and as being misleading. We do not think the instructions are open to the objections urged against them. They constitute, in our opinion, a substantially correct submission of the case to the jury.

We observe no substantial and available error by the court in regard to the admission of the evidence that is complained of. The case seems to have been fairly tried, and the judgment should not be reversed. It will therefore be affirmed.